[Civ. No. 140.   First Appellate District.—February 12, 1906.]

G. F. GRAY et al., Appellants, v. EMILIE G. COHEN, Respondent.

JUDGMENT ENJOINING PROSECUTION OF SUBSEQUENT ACTION —STREET ASSESSMENT.—In an action to foreclose an alleged lien under a street assessment, a judgment in favor of the defendant, conforming to the prayer of the answer, "forever barring and estopping the plaintiff from hereafter instituting or prosecuting any action against said defendant, or the real estate described in said complaint," must be construed with reference to the case made by the pleadings, and not as estopping the plaintiff from prosecuting an entirely different action, or one arising after the date of the judgment.

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellants.

Alfred H. Cohen, for Respondent.

COOPER, J.—Appeal from the judgment on the judgment-roll, without a bill of exceptions.

The action was brought to foreclose an alleged lien under a street assessment.   The answer denied the validity of the alleged lien, and of the several acts and matters leading up to the assessment, and concluded with a prayer that plaintiffs "be forever barred and estopped from hereafter instituting or prosecuting any action or proceeding against this defendant or the real estate described in the complaint in this action."   The findings of the court were for defendant, and judgment was ordered and entered "forever barring and estopping the plaintiff from hereafter instituting or prosecuting any action against said defendant, or the real estate described in said complaint."

The sole point made on this appeal is that the relief granted exceeds that asked for in the answer, and is more comprehensive in its terms than the law warrants.   The point is en-

tirely devoid of merit. The judgment follows the language of the prayer of the answer. Its language must be construed with reference to, and in connection with, the case made by the pleadings and the subject matter before the court. It was not intended that the decree should, nor would it, estop the plaintiff from prosecuting an entirely different action, or one arising after the date of the judgment herein, against defendant or the real estate described in the complaint. The language used must be construed to have been used with reference to the matter before the court, and the law applicable thereto.

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.